≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas Green and Nancy Green h/w

**DEFENDANTS**
City of Allentown; Police Officer Craig Maschmeyer; Police Officer Bryfogle, Individually and as Police Officers for City of Allentown

**(b)** County of Residence of First Listed Plaintiff **Bucks County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Allentown**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lee S. Bender, Esquire, 1800 John F. Kennedy Blvd., 14th Floor, Philadelphia, PA 19103, 215-564-1800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983.
Brief description of cause:
Police brutality

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/28/10
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS GREEN and NANCY GREEN, H/W<br>440 Campus Drive<br>Perkasie, PA 18944,<br>      Plaintiff<br><br>vs.<br><br>CITY OF ALLENTOWN;<br>POLICE OFFICER CRAIG MASCHMEYER;<br>POLICE OFFICER BRYFOGLE,<br>Individually and as Police Officers for<br>the City of Allentown,<br>435 Hamilton Street<br>Allentown, PA 18101,<br>      Defendants | :<br>:<br>:<br>:<br>:<br>:  C.A. No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

## PARTIES AND JURISDICTION STATEMENT

1. This action is brought pursuant to 42 U.S.C. Sec. 1983. Jurisdiction is based upon 28 U.S.C. Sec. 1331 and 1343 (1), (3) and (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1367 (a) to hear and adjudicate state law claims.

2. Plaintiff, Thomas Green is an adult citizens and residents of the Commonwealth of Pennsylvania, residing therein at the address above.

3. Defendant, City of Allentown is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages and directs and controls the Allentown Police Department which employs the Defendants, Maschmeyer and Bryfogle

4. Defendant, Craig Maschmeyer is a police officer for the Allentown Police Department acting under color of state law. He is being sued in his individual capacity.

5. Defendant, Bryfogle is a police officer for the Allentown Police Department acting under color of state law. He is being sued in his individual capacity

6. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived the plaintiff, Thomas Green of his constitutional and statutory rights.

## FACTUAL ALLEGATIONS

7. On February 12, 2009 at approximately 7:00 p.m., Plaintiff, Thomas Green was sitting in his company truck at or near 2201 E. Columbia Street in Allentown, Pennsylvania to meet a customer at his home to discuss a home renovations contracting job.

8. While parked waiting for his customer to arrive, the individual defendant officers approached Plaintiff's truck in patrol cars with bright lights and asked for identification. Plaintiff tried to explain that he had legitimate business, an appointment, and was waiting for his customer to arrive home. The officers were not interested in hearing his explanation.

9. Plaintiff got out of his truck due to the bright strobe-like police vehicle lights bothering him and causing him to become agitated. The defendant officers ordered him back into his truck. After initially refusing due to the affects of these bright lights, Plaintiff was walking back to his truck and attempting to get into the truck when the defendant officers violently grabbed and mounted him from behind, tackled and threw him to the ground face-down, twisted his arms behind him and handcuffed him, despite his protests of pain and to stop hurting him.

10. Plaintiff was placed in a police vehicle, handcuffed, with blood running down his face into his eyes and pain in his head, shoulders and knees. He was told he was under arrest.

11. Plaintiff requested medical help and was told an ambulance was on its way

12. While in the ambulance a police officer indicated charges would be dropped, that it was "only a misunderstanding."

13. However, Plaintiff later received in the mail a criminal citation for Disorderly Conduct

14. Trial was scheduled for April 6, 2009, before District Justice Carl Balliet, Magisterial District 31-1-05. Plaintiff was ready to proceed, however Defendant Officer Maschmeyer did not appear and requested a continuance, which was granted over Plaintiff's objections.

15. Trial was rescheduled for September 17, 2009. Plaintiff was again ready to proceed, Defendant Officer Maschmeyer again failed to appear, and Judge Balliet dismissed the charges.

16. Plaintiff, Thomas Green did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Allentown or engage in any conduct which justified the actions of the Defendants.

17. The unlawful arrest, search of his person and use of unreasonable force in this case were the direct result of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff to unreasonable force, arrest and prosecution in the absence of probable cause.

18. The defendant officers acted wilfully, deliberately, maliciously or with reckless disregard of Plaintiff, Thomas Green's constitutional and statutory rights.

19. As a direct and proximate result of the actions of all Defendants, the plaintiff, Thomas Green suffered and continues to suffer physical, psychological, and emotional harm, stress and distress, embarrassment, humiliation, loss of enjoyment of life, loss of earnings and earnings capacity, and financial losses, some or all of which may be permanent.

20. Defendants engaged in the aforesaid conduct for the purpose of violating the plaintiff, Thomas Green's constitutional rights by subjecting him to unreasonable force and unlawful arrest, search and malicious prosecution.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

21. Plaintiff incorporates by reference Paragraphs 1 - 20 as if fully stated at length herein.

22. As a direct and proximate result of all Defendants' conduct, committed under color of state law, the plaintiff, Thomas Green was deprived of his right to be free from unreasonable and excessive force, an unlawful search and seizure, unlawful arrest, malicious prosecution, to be secure in his person and property and to due process of law. As a result, Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth, and Fourteenth Amendments thereof, and 42 U.S.C. Sec. 1983.

23. As a direct and proximate result of the acts of all Defendants, the plaintiff, Thomas Green sustained physical injuries, emotional harm, loss of liberty, wages and financial losses, all to his detriment and harm.

24. Defendant, City of Allentown has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. The use of unreasonable force, excessive force and unlawful arrest by police officers;

   b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecutions, and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

   c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

   d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e. Police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their police duties; and

f. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

25. The City of Allentown failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Allentown Police Officers, thereby causing and encouraging Allentown police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff, Thomas Green.

26. Defendants have by the above described actions deprived the plaintiff, Thomas Green, of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Sec. 1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

27. Plaintiff incorporates by reference Paragraphs 1 - 26 as if fully stated at length herein.

28. The acts and conduct of the individual defendants in this cause of action constitute assault, battery, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## THIRD CAUSE OF ACTION
## LOSS OF CONSORTIUM

29. Plaintiffs incorporate by reference Paragraphs 1 - 28 as if fully stated at length herein.

30. At all material times Plaintiff, Nancy Green was the spouse of the Plaintiff, Thomas Green.

31. As a direct result of the injuries to her husband, the Plaintiff, Nancy Green has suffered a disturbance and loss of a healthy, happy marital life, and was deprived of, and continues to be deprived of the society, comfort, companionship and consortium of her husband, the Plaintiff, Thomas Green, all to her great detriment and loss, and all of which may be permanent.

**WHEREFORE**, Plaintiffs requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and each count.

JOSEPH CHAIKEN & ASSOCIATES, P.C.

BY: _____
LEE S. BENDER, ESQUIRE
Attorney I.D. # 54097
1800 J.F.K. Blvd., 14th Floor
Philadelphia, PA 19103
(215) 564-1800
Attorney for Plaintiffs, Thomas and Nancy Green

Date: 6/25/10

## **VERIFICATION**

THOMAS GREEN and NANCY GREEN state that they are the Plaintiffs in this action and verify that the statements made in the foregoing CIVIL ACTION COMPLAINT are true and correct to the best of their knowledge, information and belief. The undersigned understand that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Date: 6-22-10                                     _____
                                                                    THOMAS GREEN

Date: 6/22/10                                    _____
                                                                    NANCY GREEN